IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PERCIVAL NORMAN FENTON,**

   Petitioner,

v.           **CIVIL ACTION NO. 1:11cv36**
             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

   Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 7, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 in the United States District Court for the Western District of Virginia. Because the petitioner was incarcerated in U.S.P. Hazelton, which is located in Bruceton Mills, West Virginia, the matter was transferred to this Court.[1] The petitioner paid the required filing fee on May 16, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

The petitioner waived his right to be charged by Grand Jury Indictment, and consequently, the government filed an Information charging him in Counts One through Forty-Eight with engaging in a scheme to defraud and to obtain money by false pretenses by using the United States mails, in violation of Title 18, United States Code, Section 1341; and in Count Forty-Nine with knowingly making a false material declaration before a Court of the United States, in violation of Title 18, United States Code,

---

[1] A § 2241 petition must be filed in the district court with jurisdiction over the facility in which the petitioner is confined, rather than the court in which he was convicted and sentenced. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

1

Section 1623(a). On May 4, 2007, a plea hearing was conducted before the Honorable B. Waugh Crigle, United States Magistrate Judge for the Western District of Virginia. On May 15, 2007, Magistrate Judge Crigle issued a Report and Recommendation in which he recommended that the District Court accept the petitioner's plea of guilty to Counts One through Forty-Nine of the Information and adjudge him guilty of those offenses. On September 13, 2007, a Judgment and Commitment Order was entered sentencing the petitioner to a term of 54 months of incarceration to be followed by three years of supervised release. In addition, the petitioner was ordered to pay $400,000.00 in restitution as set forth in the plea agreement and an assessment of $4900.00. A lump sum payment of $100.00 was due immediately, and the remainder of the monetary penalties were ordered paid in equal monthly payments of $200.00 over a period of months to commence sixty days after his release from imprisonment to a term of supervision. The petitioner did not appeal his conviction nor did he filed a collateral attack pursuant to 28 U.S.C. § 2255. See 5:07-cr-00025-gec-bwc (United States District Court Western District of Virginia). The petitioner has been released from U.S.P. Hazelton and is currently under the supervision of the Raleigh Community Corrections Office. See www.bop.gov.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner states eight grounds for relief:

    1. His sentence and restitution were improperly calculated. More specifically, the petitioner alleges that the formal plea reduced the number of mail fraud/client charges from 189 to 48, but the total bills for all clients (1.2 million dollars) were used in determining the restitution amount.

    2. His conviction was based on a coerced confession.

    3. There was a Rule 11 violation/error during the plea hearing because he had been led to believe by the FDA agents that his ultimate sentence, including incarceration, restitution, and supervised release, could be less that the sentencing guidelines.

    4. The prosecution suppressed evidence favorable to him.

    5. His testimony in Beale v. U.S. did not meet the criteria for perjury.

      6. Prosecutorial misconduct and/or vindictiveness.

      7. The Court violated the terms of the plea/sentence with respect to scheduled restitution payments.

      8. Ineffective assistance of counsel.

In conclusion, the petitioner "prays the Court accepts his argument to overcome the plea waivers against appeal and collateral attack on the basis of ineffective counsel, improper calculation of affected clients and their pecuniary losses, Rule 11 error(s), prosecutorial misconduct and vindictiveness, and finally grounds that the plea itself was not entered into willingly or knowingly by the Petitioner. Furthermore, the Court/DOJ subsequently violated the fixed terms of the plea/sentence by seizing the petitioner's funds." (Doc. 1-1, p. 20). For relief, the petitioner seeks an order vacating the entire sentence, with prejudice, or correcting th restitution amount thus eliminating all payments and liens and reducing the period of supervised release as compensation for the fact that his incarceration period was in excess of what it should have been.

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or

ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §§ 1341 and 1623(a) both remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: May 19, 2011

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE