```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PERCIVAL NORMAN FENTON,**

    **Petitioner**

v.       //       CIVIL ACTION NO. 1:11CV36
                             (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

    On March 7, 2011, <u>pro se</u> petitioner, Percival Norman Fenton ("Fenton"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Virginia (dkt. no. 10). Because the petitioner was incarcerated in U.S.P. Hazelton, which is located in Bruceton Mills, West Virginia, the matter was transferred to this Court and referred to United States Magistrate Judge Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation Procedure 2. On May 19, 2011, Judge Seibert issued an Opinion and Report and Recommendation ("R&R") recommending that Fenton's petition be dismissed without prejudice for being an improper remedy (dkt. no. 19).

    The R&R stated that any party could file objections to the report and recommendation within fourteen days of being served. On May 31, 2011, Fenton filed a "Response to Civil Action No. 1:11cv35 (court recommendation May 19, 2011)" (dkt. no. 21), which the Court construes as a timely filed objection. Fenton objects to Judge

**FENTON v. UNITED STATES**                                   **1:11CV36**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Seibert's finding that his § 2241 petition improperly attempts to challenge the validity of his sentence. Fenton asserts that, because the one-year statute of limitations on filing a § 2255 petition had expired, such a remedy was "inadequate or ineffective."

After reviewing the record and conducting a de novo review of the matters before the Magistrate Judge, the Court **FINDS** without difficulty that Fenton's objections are without merit. As noted by Judge Seibert, a § 2255 petition is only deemed an "inadequate and ineffective" remedy when the three specific conditions of In re Jones are satisfied. 226 F.3d 328, 333-34 (4th Cir. 2000). That the statute of limitations for filing a § 2255 petition had expired does not satisfy any one, much less all, of these conditions. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety, **DISMISSES** the petition (dkt. no. 10), and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.[1]

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of

---

[1] Fenton also argues that the Court should toll the one-year statute of limitations on filing a § 2255 petition. Fenton did not file a § 2255 petition, however, so this argument does not alter the Court's finding that Fenton's filing of a § 2241 petition was improper.

**FENTON v. UNITED STATES**                                                         **1:11CV36**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 24, 2011

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE